UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Case No. 1:25-cv-03961-Lefkow

JOUREY NEWELL,

    *Plaintiff*,

vs.

HOFFENMER INC.,

    *Defendant*.

_____/

**DEFENDANT HOFFENMER'S ANSWER AND DEFENSES TO
PLAINTIFF NEWELL'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Hoffenmer Inc. ("Hoffenmer"), pursuant to Fed. R. Civ. P. 12(a), submits its Answer to Plaintiff Jourey Newell's ("Newell") Complaint [ECF No. 1]; pursuant to Fed. R. Civ. P. 8(b)-(c), and 12(b), submits its Affirmative Defenses and Other Defenses to the Complaint; and, pursuant to Fed. R. Civ. P. 38 submits its demand for jury trial.

Hoffenmer responds by denying each and every allegation not specifically admitted, denying the characterization in each and every heading in the Complaint, and by responding specifically to the numbered paragraphs of the Complaint as follows:

1. Hoffenmer does not believe that a response is required to the broad narrative set forth in Paragraph 1, but denies the allegations, and generally states that the Telephone Consumer Protection Act speaks for itself.

2. Hoffenmer does not believe that a response is required to the broad narrative set forth in Paragraph 2, but denies the allegations, and generally states that the referenced statutes, regulations, and other authorities speak for themselves.

3. Hoffenmer admits that Newell purports to bring claims under the TCPA, but denies that he is entitled to any relief. All other allegations in Paragraph 3 are denied.

4. Denied.

5. Admitted.

6. Admitted, as *Mims v. Arrow Fin. Svcs., LLC*, 565 U.S. 368, 373 (2012) establishes that a Complaint that alleges a violation of the TCPA presents federal question jurisdiction but noted that Newell may not have prudential standing.

7. Admitted.

8. Admitted.

9. Hoffenmer states that the referenced statute speaks for itself.

10. Hoffenmer states that the referenced regulation speaks for itself.

11. Hoffenmer states that the referenced regulation speaks for itself.

**12.** Hoffenmer states that the referenced statute and regulation speaks for themselves.

13. Hoffenmer states that the referenced regulation speaks for itself.

14. Hoffenmer states that the referenced regulation speaks for itself.

15. Hoffenmer states that the referenced regulation speaks for itself.

16. Denied.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Hoffenmer is without knowledge as to the allegations in Paragraph 23 and therefore denies the same.

24. Denied.

25. Denied.

26. Hoffenmer states that the referenced statute speaks for itself, but denies that it has violated its provisions.

27. Denied.

28. Denied.

29. Hoffenmer states that the referenced regulation speaks for itself, but denies that it has violated its provisions.

30. Denied.

31. Hoffenmer states that the referenced regulation speaks for itself.

32. Hoffenmer states that the referenced regulation speaks for itself, but denies Newell's interpretation in allegation 32.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Hoffenmer re-asserts its responses to the prior paragraphs.

44. Hoffenmer states that the Rule speaks for itself and notes Newell is attempting bring claims on behalf of himself and multiple classes, but denies that Hoffenmer violated the TCPA, denies that any class exists, and denies that Newell can maintain this action as a class action.

45. Denied.

46. Denied.

47. Denied, except admitted that Newell's counsel is competent and experienced in complex class actions.

48. Hoffenmer admits that the referenced statute speaks for itself, but otherwise denies allegation 48.

49. Denied.

50. Hoffenmer admits that the referenced Rule speaks for itself, but otherwise denies allegation 50.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

51. Hoffenmer re-asserts its responses to the prior paragraphs.

52. Hoffenmer states that the referenced statute speaks for itself.

53. Denied.

54. Denied.

55. Hoffenmer states that the referenced statute speaks for itself, but otherwise denied allegation 55.

56. Hoffenmer states that the referenced statute speaks for itself, but otherwise denied allegation 56.

4

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

57. Hoffenmer re-asserts its responses to the prior paragraphs.

58. Hoffenmer states that the referenced regulation speaks for itself.

59. Denied.

60. Denied.

61. Hoffenmer states that the referenced statute speaks for itself, but otherwise denies allegation 61.

62. Hoffenmer states that the referenced statute speaks for itself, but otherwise denies allegation 62.

### PRAYER FOR RELIEF

63. To the extent that a response is deemed necessary, Hoffenmer denies that Plaintiff is entitled to any of the relief she seeks, either individually or on behalf of any classes which she purports to represent.

### HOFFENMER'S AFFIRMATIVE DEFENSES AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT

The following defenses are based on Hoffenmer's knowledge, information, and belief at this time. By setting forth these defenses, Hoffenmer does not assume the burden of proving any fact, issue or element of a cause of action where such a burden properly belongs to Newell.

### AFFIRMATIVE DEFENSES TO COMPLAINT

64. **Estoppel.** Newell's claims are barred, in whole or in part, by their own conduct, actions, and inactions, which amount to and constitute an estoppel of all claims and relief sought.

65. **Failure to Mitigate Damages**. To the extent that Newell suffered any damages, Newell failed to take any and all reasonable actions to avoid or reduce their damages, and any damages awarded to them must be reduced accordingly.

66. **Good Faith.** Newell's claims are barred, in whole or in part, by Hoffenmer's good faith. Hoffenmer reasonably believed it had consent to make calls to the numbers of any customers who consented to such communications.

67. **No Proximate Cause**. Hoffenmer did not proximately cause any damage, injury or violation alleged in the Complaint.

68. **Not Willful.** The conduct and/or violations of the law alleged against Hoffenmer are not sufficient to be "willful." To the extent any violation of the TCPA occurred, it resulted from a *bona fide* error, notwithstanding procedures reasonably adapted to avoid such error, and therefore, was not willful or knowing.

69. **Ratification.** Newell's claims are barred, in whole or in part, by the doctrine of ratification and because Newell acquiesced to any conduct engaged in by Hoffenmer.

70. **Reasonable Reliance**. Newell's claims are barred in whole or in part to the extent Hoffenmer reasonably relied on the consent of the intended call recipients.

71. **Unclean Hands**. Newell is barred from asserting his claims, in whole or in part, to the extent they are subject to the doctrine of unclean hands.

72. **Waiver.** Newell's claims are barred by the doctrine of waiver.

### ADDITIONAL DEFENSES

73. **Calls Not "Telemarketing" or "Advertising."** The phone calls allegedly made to Newell were not "telemarketing" or "advertising" and as such, Newell's prior express invitation or permission was not required under the TCPA.

74. **TCPA and FTSA Unconstitutional.** The TCPA violates the First Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, Fourteenth Amendment and Article I to the United States Constitution, and are unconstitutional under state law.

75. **Adequate Remedy at Law.** Injunctive, equitable, and/or declaratory relief is inappropriate because Newell has an adequate remedy at law.

76. **Standing.** Newell lacks standing to assert the claims alleged in the Complaint.

77. **Failure to State a Claim for Injunctive Relief.** Newell has failed to state a claim for injunctive relief.

78. **Failure to State a Claim for Declaratory Relief.** Newell has failed to allege facts from which it appears there is a substantial likelihood she will suffer injury in the future.

79. **Non-Delegation Doctrine.** The TCPA represents an unconstitutional delegation of authority from Congress and is unenforceable pursuant to the non-delegation doctrine.

80. **No Private Right of Action**. There is no private right of action for the sections of the TCPA under which Newell has sued Hoffenmer.

81. **Prior Express Invitation or Permission**. Newell is barred from asserting his claims because he provided Hoffenmer with the requisite "prior express invitation or permission" to receive telephone calls of the type about which the Complaint complains.

82. **Established Business Relationship**. Newell's claims are barred, in whole or in part, to the extent he maintained an established business relationship with the caller.

83. **Response to Customer Inquiry/Request**. Newell's claims are barred, in whole or in part, to the extent that the calls at issue were made in response to a customer inquiry, or request to be called.

84. **Negligence**. Newell's claims are barred because his alleged damages are the result of their own negligence.

85. **Failure to Join all Necessary Parties.** Newell's claims are barred to the extent he has failed to join all necessary parties.

86. **Mobile Phones.** To the extent that the sections of the TCPA at issue do not apply to mobile / cellular phones, Newell's claims fail.

87. **Unjust Enrichment.** Newell's claims are barred because Newell would be unjustly enriched if allowed to recover all or any part of the damages or remedies alleged in the Complaint.

88. **Business Number.** Newell's claims are barred in whole or in part to the extent their numbers are business numbers, not residential numbers, to which the TCPA regulations at issue do not apply.

## DEMAND FOR JURY TRIAL

89. Pursuant to Federal Rule of Civil Procedure 38, Hoffenmer demands a trial by jury of any and all triable issues.

## HOFFENMER'S PRAYER FOR
## RELIEF AS TO NEWELL'S COMPLAINT

90. Wherefore, with respect to Newell's Complaint, Hoffenmer respectfully requests that this Court enter judgment in its favor and against Plaintiff as follows:

 a. Ordering that Newell shall receive no relief and shall take nothing by this action;

8

   b.  Permitting Hoffenmer to go hence without day;

   c.  Awarding Hoffenmer such attorneys' fees and costs as allowable by law; and,

   d.  Granting Hoffenmer such other relief as the Court deems just and proper.

### #

Dated: April 30, 2025       By: */s/ Aaron S. Weiss*

               Aaron S. Weiss
               Email: aweiss@carltonfields.com
               Carlton Fields, P.A.
               700 N.W. 1st Ave., Ste. 1200
               Miami, Florida 33136
               Telephone: 305-530-0050

               David A. Shapiro
               Email: dshapiro@mckenna-law.com
               Mckenna Storer
               33 N. LaSalle St., Ste. 1400
               Chicago, Illinois 60602
               Telephone: 312-558-3900

               *Attorneys for Defendant Hoffenmer Inc.*